# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHNNIE ODUM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JUDGE ROBERT L. RUSSELL; )<br>REBECCA CROWE; CPT. LARRY )<br>JACOBS; DEBBIE CREWS; DANNY )<br>C. SAYER; STEPHEN R. YEKEL; )<br>DALLAS RYAL; ROYLEE SMITH; )<br>TOM DURDEN; ROBERT WARDS; )<br>PAT HOOD; KATHLEEN )<br>JENNINGS; GABE T. CLIETT; )<br>AMY E. HAWKINS MORELLI; )<br>JULIE ROBERTSON; and CARMEN )<br>ROJAS RAFTER, )<br>)<br>Defendants. ) | Case No. CV414-238 |

## REPORT AND RECOMMENDATION

Well over two hundred days have passed since Plaintiff Johnnie Odum filed this 42 U.S.C. § 1983 case. *See* doc. 1. After day 200, the Court ordered plaintiff to show cause why his case should not be dismissed for failing to serve defendants within the 120 days required by Fed. R. Civ. P. 4(m). Doc. 6. Plaintiff provides five reasons:

1. Was not knowledgeable plaintiff had to serve defendants
2. Case is [vs] state
3. Did not receive a electronical e-mail

4. I object to all denials
5. Need time to serve defendants

Doc. 7. Reasons two through four have no bearing on service. Reason five cannot justify plaintiff's delay; he has already frittered away nearly six months without making any effort to perfect service.

Finally, not knowing the rules of procedure is no excuse for failing to follow them.[1] If legal ignorance -- even by one's own attorney -- does not preclude an execution, then legal ignorance of Rule 4(m)'s command should not prevent dismissal of a stale lawsuit. *See Coleman v. Thompson*, 501 U.S. 722, 752-57 (1991) (condemned prisoner pursuing State habeas relief waived right to federal review, and thus could be executed, after his State habeas counsel negligently missed, by 3 days,

---

[1] The Court is not sure Odum's protestations of ignorance are genuine. Just in this district, he has filed no fewer than twelve lawsuits including the present case. *See Odum v. Bryan Cnty. Judicial Cir.*, 407CV181 (S.D. Ga. Dec. 10, 2007); *Odum v. City of Pembroke*, 407CV122 (S.D. Ga. Aug. 14, 2007); *Odum v. Statesboro Bullock Cnty. Ga.*, 606CV108 (S.D. Ga. Dec. 5, 2006); *Odum v. Bulloch Cnty.*, 606CV101 (S.D. Ga. Oct. 31, 2006); *Odum v. Bryan Cnty. Sheriff's Dep't*, 406CV261 (S.D. Ga. Oct. 30, 2006); *Odum v. Bryan Cnty.*, 406CV260 (S.D. Ga. Oct. 27, 2006); *Odum v. Bryan Cnty.*, 406CV248 (S.D. Ga. Oct. 5, 2006); *Odum v. Bulloch Cnty. Public Defender Office*, 606CV054 (S.D. Ga. May 26, 2006); *Odum v. Ogeechee Cir. Public Defender Office*, 606CV045 (S.D. Ga. Apr. 20, 2006); *Odum v. City of Pembroke*, 406CV091 (S.D. Ga. Apr. 4, 2006); *Odum v. City of Pembroke*, 406CV079 (S.D. Ga. Mar. 23, 2006). Although all have been § 1983 prisoner suits (and all have been dismissed), the Court doubts Odum managed to litigate all those cases without realizing that U.S. Marshals only serve defendants for indigent prisoners, not *pro se* litigants who pay the filing fee, as Odum has here. Even assuming he genuinely lacked knowledge about the time for service, he still has no valid excuse for letting this case languish for over 200 days.

deadline for appealing denial of State habeas petition); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."); *Hixson v. French*, 517 F. App'x 767 (11th Cir. 2013) (*pro se* plaintiffs required to "apprise themselves of 'the relevant law and rules of court,'" including the Federal Rules of Civil Procedure) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff has not shown cause for his failure to serve defendants within the time allowed by Rule 4(m) and this case therefore should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED**, this 4th day of June, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA